DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant to be a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "PURSUANT TO THE OHIO CONSTITUTION, R.C. § 2950.01 ET. SEQ. IS UNCONSTITUTIONAL.
"SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT'S DETERMINATION THAT DEFENDANT-APPELLANT IS A SEXUAL PREDATOR IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
The facts that are relevant to the issues raised on appeal are as follows. On December 4, 1990, appellant was sentenced to a term of imprisonment after being convicted of one count of attempted rape. A sexual offender classification hearing was held on July 6, 1999, and on July 13, 1999, the trial court filed a judgment entry in which it found appellant to be a sexual predator.
In his first assignment of error, appellant asserts that R.C. 2950.01 et seq. is an unconstitutional exercise of police powers and interferes with an individual's privacy, property and liberty interests. Based on the holding of the Supreme Court of Ohio in State v. Williams (2000), 88 Ohio St.3d ___, this court finds appellant's first assignment of error not well-taken.
In his second assignment of error, appellant asserts that the trial court's finding that he is a sexual predator was not supported by clear and convincing evidence.
Pursuant to R.C. 2950.09(B)(2), in determining whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual misconduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above, along with the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(C)(2). Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Id. at 477.
The trial court heard the testimony of three psychologists. Each of the witnesses had evaluated appellant and their extensive written findings were admitted into evidence. In its judgment entry, the trial court stated that it had considered the entire record of this case, including the reports and testimony of the expert witnesses, as well as the factors listed in R.C. 2950.09(B)(2)(a) through (j). The evidence adduced revealed that appellant was currently incarcerated for having engaged in sexual conduct with an eleven-year-old girl when he was approximately twenty-two; that he did not take responsibility for his actions and exhibited a sense of being victimized by the system and undeserving of the degree of punishment he has received; that appellant has a character disorder but no mental illness; that appellant reported that he was placed on probation following a conviction for sexual assault in Texas in 1989, and that appellant reported an extensive history of delinquent activity as a juvenile.
Based upon the foregoing, this court finds that the trial court had before it clear and convincing evidence to support its finding that appellant is a sexual predator, "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(E). Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Mark L. Pietrykowski, J., JUDGES CONCUR.
 ____________________________ Richard W. Knepper, P.J.